HOWARD K. HULTMAN, APPELLEE, V. JAMES H. HANLEY, APPELLANT.

FILED APRIL 25, 1933. No. 28483.

*Andrew M. Morrissey, James H. Hanley* and *Paul P. Massey,* for appellant.

*Patrick & Smith, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and PAINE, JJ.

GOOD, J.

This is an action in equity for an accounting. Decree was entered for plaintiff; defendant has appealed, and plaintiff has filed a cross-appeal.

The trial court made elaborate findings, covering every material issue raised by the pleadings and supported by evidence. These findings we here reproduce:

"The court, being fully advised in the premises, finds generally in favor of plaintiff and against defendant; finds that on June (July) 17, 1923, defendant received for collection from the Farmers and Merchants Bank, of Gretna, Nebraska, a note for $3,000, payable to plaintiff, signed by one C. J. Lee, and indorsed by plaintiff in blank; finds that said note had been pledged by plaintiff to said bank on June 11, 1923, as collateral security to a loan, of which transaction defendant was advised by plaintiff some time in the summer of 1923; finds that on September 1, 1923, defendant recovered judgment for the bank on said note in the sum of $3,040 and costs.

"The court further finds that on April 10, 1925, plaintiff's indebtedness to the bank, which the note was pledged to secure, was fully paid by the exchange of 1,600 acres of land then owned by one Corkin for said account and $7,500 in cash, in which transaction defendant assisted said bank and had knowledge thereof; that, on said last mentioned date, plaintiff became the absolute owner of said note and judgment from Corkin; finds that, immediately thereafter, plaintiff demanded said Lee note from William A. Snare, president and managing officer of said bank, who referred him to defendant; finds that plaintiff immediately consulted defendant in reference thereto and demanded said note; finds that following April, 1925, upon several occasions during the year, plaintiff requested defendant to secure an assignment of said judgment; the court further finds that said judgment became dormant on September 1, 1928; that thereafter,

defendant learned that the judgment debtor had inherited some property in Chicago and about February 3, 1929, sent a transcript of the dormant judgment, which was afterwards revived, to one Gately, an attorney in Chicago, who commenced an action thereon in the municipal court of said city, which was later dismissed for want of jurisdiction and another action begun in the circuit court of Cook county, Illinois, both actions being brought in the name of the Farmers and Merchants Bank, although said bank had been, as defendant knew, in charge of Receiver Brownell, since 1928.

"The court further finds that judgment was later recovered for $4,118.40 in said circuit court in favor of said receiver, who had been substituted as plaintiff, and on March 14, 1931, a settlement was made for $3,700 by Gately, after authorization by defendant to settle for $3,200, and the judgment discharged of record; finds that defendant received of the proceeds of said settlement the sum of $2,466.66; finds that plaintiff had knowledge of the proceedings in Chicago in 1929, and permitted the action to proceed thereafter and had such information in regard thereto as he desired; finds that on June 19, 1931, plaintiff availed himself of the sum of $739.65 of said last mentioned sum, which defendant had paid into this court; finds that William A. Schall was plaintiff's attorney at the time said settlement was made and he and plaintiff approved same; the court further finds that defendant knew, or should have known, at and prior to February 3, 1929, that plaintiff was the equitable owner of said judgment, but as late as April 23, 1931, failed to recognize plaintiff's ownership thereof; finds that plaintiff's knowledge of the retention of attorney Gately in Chicago and his availing himself of the latter's services makes the fund liable for the charge made for his services, which the court finds are reasonable; finds that Mr. Gately was justified in making the settlement.

"The court further finds that all of the services rendered by defendant prior to April, 1925, was for said bank, and

defendant could look only to it for his compensation, and when plaintiff settled his account with that bank, he also settled any claim for fees; finds that for expenses and services in procuring the assignment of the judgment by the receiver of said bank, defendant is not entitled to charge plaintiff anything.

"The court further finds that defendant should account fully to plaintiff for $1,850, less the said sum of $739.65, paid into this court by defendant on June 19, 1931, together with interest at the rate of seven per cent. per annum on the sum of $1,850 from March 21, 1931, to June 19, 1931, and interest at said rate on the sum of $1,142.36 from the 19th day of June, 1931, until this date, together with the costs of this action."

We have read all the evidence contained in the bill of exceptions and do not find it necessary to here review the evidence further than to say that each and every of the findings of the trial court is sustained by the evidence, with one slight correction. The findings state that defendant received of the proceeds of the settlement of the Chicago judgment $2,466.66, whereas the evidence shows that the amount actually received by defendant was $2,500.

Defendant contends that the trial court erred in not allowing him to recover for services in procuring the default judgment for the bank and in not allowing him a recovery for his services in procuring an assignment of the judgment from the banking department to plaintiff, as well as for a number of other items of expense which he claims to have incurred. From an examination of the record, we are convinced that the court properly disallowed these items. We cheerfully admit the contention of the defendant that "the laborer is worthy of his hire," but we are satisfied in this instance that the trial court fairly compensated the laborer for all work done or performed for the plaintiff.

The plaintiff in his cross-appeal argues that defendant employed counsel in Chicago without the consent or au-

thority of plaintiff, and that he had no authority, therefore, to bind plaintiff to pay for the services rendered by those attorneys. I think that the evidence fairly establishes that, while plaintiff may not have known of the proceedings at the time, he was advised thereof afterwards, and not only did not object or protest, but consented to prosecution of that action and to the settlement of the judgment which was obtained by the Chicago attorneys. He cannot, therefore, justly complain that they should not be reasonably compensated for the services which they rendered.

Plaintiff further contends that defendant has been guilty of such misconduct in the premises as would deprive him of the right to any compensation whatsoever. The contention is not well founded. Some of his acts may have been irregular, but he and his Chicago associates performed a valuable service for plaintiff, and plaintiff has reaped the benefit of those services.

We are satisfied that the decree entered by the trial court is just and founded on equitable principles.

AFFIRMED.